UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

FLOYD JENNINGS,

                Plaintiff,                Case No. 1:10-cv-110

v.                                                        Honorable Paul L. Maloney

MIKE HALL et al.,

                Defendants.
_____/

## ORDER DENYING RECONSIDERATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On March 3, 2010, the Court issued an opinion and order (docket ##5, 6) denying Plaintiff leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay the entire $350.00 civil action filing fee within twenty-eight days, and the Court warned that his case would be dismissed without prejudice should he fail to pay. On April 15, 2010, because Plaintiff failed pay the filing fee as ordered, the Court dismissed the complaint for lack of prosecution (docket ##7, 8). The matter presently is before the Court on Plaintiff's motion (docket #9) for reconsideration of the order and judgment dismissing the complaint.

Plaintiff has filed a motion to reconsider, which the court construes as a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982). The court finds that the motion is timely.

As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Id.* (citations omitted). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See id.* at 834; *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); CHARLES A. WRIGHT, 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 127-28 (1995).

Here, Plaintiff fails to identify any basis for altering the judgment. First, to the extent Plaintiff wishes to challenge the court's March 3, 2010 order vacating the order granting Plaintiff leave to proceed *in forma pauperis* and ordering him to pay the filing fee, he should have moved promptly for reconsideration of that order. Plaintiff did not do so. Instead, Plaintiff simply failed to comply with the order to pay the filing fee, notwithstanding the Court's March 3, 2010 order. As a consequence, the Court correctly dismissed the action based on Plaintiff's failure to comply with the Court's order.

Moreover, even had Plaintiff timely sought reconsideration of the March 3, 2010 order denying leave to proceed *in forma pauperis*, the motion would be meritless. Plaintiff does not dispute that he filed three prior cases that were dismissed as frivolous, malicious or for failure to state a claim. As a consequence, he is barred from proceeding *in forma pauperis* in this action unless he can demonstrate "imminent danger of serious physical injury." As set forth in the March 3, 2010 opinion, the Court fully considered and rejected Plaintiff's argument that his allegations involve either a sufficiently serious physical injury or that there exists imminent danger of any such

injury. Plaintiff fails to demonstrate any legal or factual error in the Court's analysis, and he fails to demonstrate any other basis for relief under FED. R. CIV. P. 59(e). Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (docket #9) is **DENIED**.

Dated:  May 10, 2010          /s/ Paul L. Maloney
                              Paul L. Maloney
                              Chief United States District Judge